THOMAS WOOD & SONS, INCORPORATED, RESPONDENT, v. CLARA MEMELAAR, JACOB SCHURMANS, JOHN FABER, APPELLANTS.

Submitted May 12, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Joseph V. Fumagalli* and *Peter Hofstra*.

For the respondent, *Thomas Brunetto*.

PER CURIAM.

Defendants appeal from two judgments obtained against them in the Passaic District Court. The actions were in replevin to obtain the possession of certain farm appliances in one case and twenty cows in the other.

Two points are raised on the appeal: (1) that the court below was without jurisdiction, and (2) that the title to the property was in the defendants or one of them and not in the plaintiff.

As to the jurisdiction, we think it is not before us. The question of jurisdictional value in each case, on which the contention here rests, was specifically waived in the court below.

As to the second point, plaintiff was a creditor of Schurmans, one of the defendants, and on September 7th, 1932,

obtained two judgments against him, issued executions against the stock replevined, and bought it in at a constable's sale. He then instituted the present actions for its possession.

In the meantime Schurmans sold the stock by bill of sale to the defendant Memelaar, but apparently deeming the sale invalid by reason of the Bulk Sales act, on September 2d, 1932, made a general assignment of all his assets for the benefit of creditors to Faber. This assignment was recorded on the morning of September 7th. It was later in the same day that plaintiff's executions were issued.

The trial judge rendered judgments for the plaintiff, ruling in effect that the assignment was a nullity and that, therefore, the title to the stock remained in the defendant Schurmans.

No opinion appears to have been filed in the court below, but it would seem that its findings in favor of the plaintiff were based on the ground that certain provisions of the Assignment act were not complied with by the assignee between the date of the assignment to him and the levy of the plaintiff's execution several days later, and that this rendered the assignment void.

We think this view is unsound. If it were otherwise any failure of the assignee in the performance of the duties prescribed by the statutes, some of which extended over periods of weeks and months, could be made not only the basis of revocation of the trust, but a basis of declaring the deed invalid because of such dereliction.

The execution and delivery of the deed of assignment was effective to vest the title to the assignor's property in the assignee. The various provisions of the Assignment act (*Comp. Stat., pp.* 144, 116 and its supplements) impose sundry duties and obligations on the assignee, among them that he shall forthwith record the deed of assignment, that he shall forthwith give notice by advertisement that the assignment has been made, that he shall forthwith exhibit to the surrogate of the county a true inventory and value of the estate, and forthwith enter into bond with the ordinary of the state for the faithful performance of his duties, but these

are not conditions precedent to the passing of title. They are directory only and do not affect the efficacy of the deed. *Scull* v. *Reeves*, 3 *N. J. Eq.* 84.

That the statute was not intended to affect the title is evident from so much of section 3 as provides that until an inventory, valuation and a bond are filed by the assignee he shall not proceed to the discharge of his trust further than necessary for the preservation of the assigned estate without the order of the court, thereby implying the full sufficiency of the assignment to effect transfer of the estate to the assignee upon the execution and delivery of the deed.

The judgments are reversed.